UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| CONSWELLA MURPHY, | CIVIL ACTION NO. 7:18-15-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| PIKE COUNTY DETENTION CENTER, *et al.*, | |
| Defendants. | |

*** *** ***

This matter is before the Court on Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendants Pike County Detention Center; Brian Morris, in his official capacity as Pike County Jailer; and Freddie Lewis, in his previous official capacity as Pike County Jailer. (DE 3.) For the reasons set forth below, Defendants' Motion is granted.

I. Background

The following facts are drawn from Plaintiff Conswella Murphy's Complaint. (DE 1-1.) Murphy was arrested on August 6, 2017 for flagrant non-support and taken to Pike County Detention Center. (Compl. ¶¶ 15, 16.) The next day, while still in Pike County Detention Center's custody, Murphy was severely beaten by ten unknown John and Jane Does. (Compl. ¶ 17.) As a result of this attack, Murphy suffered severe physical and mental trauma. (Compl. ¶ 26.)

Murphy initiated this action in Pike Circuit Court on December 8, 2017. She named as Defendants Pike County Detention Center; Brian Morris, in his official capacity as Pike County Jailer; Freddie Lewis, in his official capacity as Pike County Jailer when the alleged beating occurred; and ten unknown John and Jane Does who she alleges attacked her. The

1

known Defendants have moved to dismiss or, in the alternative, for summary judgment. (DE 3.) Briefing has been completed and this matter is now ripe for review.

II. **Standard of Review**

A civil complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6), "[t]he complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born* 835 F.3d 623, 640 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)). Legal conclusions that are couched as factual allegations, however, need not be accepted. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has further elaborated on the requirements of Rule 8(a)(2) in two cases: *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausible does not mean probable; a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but falls short if the "complaint

pleads facts that are "merely consistent with" a defendant's liability." *Id.* (citing *Twombly*, 550 U.S. at 556–57).

**III. Analysis**

Murphy asserts claims under 42 U.S.C. § 1983 for violation of her Fourth, Eighth, and Fourteenth Amendment rights. She also asserts state law claims for negligent hiring, supervision, and retention against Pike County Detention Center and Lewis, and intentional infliction of emotional distress against all Defendants. Pike County Detention Center, Morris, and Lewis have moved to dismiss, or alternatively for summary judgment, Plaintiff's claims against Pike County Detention Center, state law claims, and § 1983 claims based upon violations of the Fourth and Eight Amendment. (DE 3.) Defendants arguments are addressed below.

*A. Section 1983 claims against Pike County Detention Center*

Plaintiff's claims against the Pike County Detention Center fail because the Pike County Detention Center is not a person or legal entity which may be sued under 42 U.S.C. § 1983. *See Marby v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding county jail was not subject to suit under § 1983). Therefore, the § 1983 claims against Pike County Detention Center must be dismissed.

*B. Section 1983 Fourth and Eighth Amendment Claims against Morris and Lewis*

Defendants seek dismissal of Plaintiff's claims under 42 U.S.C. § 1983 alleging violations of her Fourth and Eighth Amendment rights.[1] A § 1983 against a county official in his official capacity is properly treated as a claim against the county itself. *See Laubis v. Witt*, 597 F. App'x 827, 832 (6th Cir. 2015) ("The district court correctly held that the official capacity suit against [a county sheriff] should be treated as a claim against the county itself." (citing

---

[1] Defendants do not seek dismissal of Plaintiff's claim pursuant to § 1983 alleging violations of her Fourteenth Amendment rights.

*Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)). To succeed on a § 1983 claim against a local government, the plaintiff "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

The Defendants argue that Plaintiff's Fourth and Eighth Amendment claims fail because, at the time she was allegedly injured, she was a pretrial detainee. Whether the Fourth, Eighth, or Fourteenth Amendment applies to a claim of excessive force "depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). As the Sixth Circuit explained:

> The Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens, see *Graham v. Connor*, 490 U.S. 386, 388 (1989), while the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons. *See Whitley v. Albers*, 475 U.S. 312, 318–22 (1986). When a citizen does not fall clearly within either category—e.g., pretrial detainees—the Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a governmental official's excessive use of force. *See Lanman v. Hinson*, 529 F.3d 673, 680–81 (6th Cir. 2008); *Phelps v. Coy*, 286 F.3d 286 F.3d 295, 300 (6th Cir. 2002).

*Id.* The Fourth Amendment's reasonableness standard applies "at least through the booking process" and, in the case of a warrantless arrest, until a probable cause hearing is held. *Id.* at 474 (citing *Aldini v. Johnson*, 609 F.3d 858, 865–67 (6th Cir. 2010)).

Murphy does not allege in her Complaint that the alleged beating occurred while she was undergoing the booking process or prior to a probable cause hearing. In fact, the Complaint suggests the opposite. Murphy was arrested for flagrant non-support and the alleged beating did not occur until the next day, after she "was left in [Pike County Detention Center] custody. (Compl. ¶ 16.) Accordingly, Murphy has not plausibly alleged that her Fourth Amendment rights were violated.

Similarly, because Murphy was a pre-trial detainee and not a convicted person, she has failed to state a claim for violation of her Eighth Amendment rights. Murphy concedes this in her response, admitting the "[a]lthough the Eight Amendment does not protect pretrial detainees, 'the Eight Amendment rights of prisoners are analogized to those of detainees under the Fourteenth Amendment to avoid the anomaly of extending greater constitutional protection to a convicted prisoner than to one awaiting trial.'" (DE 4 (quoting *Webb v. Bunch*, No. 93-5258, 1994 WL 36854, at *4 (6th Cir. Feb. 8, 1994) (in turn quoting *Roberts v. City of Troy*, 773, F.2d 720, 723 (6th Cir. 1985)))). The Court need not decide at this time the amount of protection provided to pre-trial detainees or the legal standard to apply for Plaintiff's Fourteenth Amendment claim. Even if the Fourteenth Amendment incorporates the Eighth Amendment standard, Plaintiff's § 1983 claim asserts a violation of her Due Process Clause rights, not her Eighth Amendment rights. Thus, Plaintiff's § 1983 claim alleging a violation of her Eighth Amendment rights is subject to dismissal.

*C. State law claims*

Defendants also argue that Plaintiff's state law claims against Morris and Lewis in their official capacity as Pike County Jailer should be dismissed because they are entitled to immunity. Kentucky law recognizes three forms of immunity: sovereign immunity, governmental immunity, and official immunity. *See Yanero v. Davis*, 65 S.W.3d 510, 517–522 (Ky. 2001). Sovereign immunity "precludes the maintaining of any suit against the state unless the state has givens or consent or otherwise waived its immunity." *Id.* at 517. Governmental immunity entitles state agencies "to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Id.* at 519. Official immunity takes three forms. It:

> can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign immunity . . . . Similarly, when an officer or employee of a

governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled . . . . But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment.

*Id.* at 521–22.

For the purposes of assessing immunity, Pike County Detention Center is an alter ego of Pike County. *See Bryant v. Pulaski County Detention Center*, 330 S.W.3d 461, 465 (Ky. 2011). Similarly, Plaintiff's claims against Morris and Lewis, who have been sued in their official capacity as Pike County Jailers, are equivalent to claims against the jail, and therefore, the county. *Commonwealth of Ky. Bd. of Claims v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001). Thus, Pike County Detention Center, Morris, and Lewis are cloaked with Pike County's sovereign immunity.[2] *Bryant*, 330 S.W.3d at 465; *Harris*, 59 S.W.3d at 899. Plaintiff's state law claims against them are therefore subject to dismissal.[3]

## IV. Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS** that:

(1) the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendants Pike County Detention Center, Brian Morris, in his official capacity as Pike County Jailer, and Freddie Lewis, in his official capacity as former Pike County Jailer (DE 3) is **GRANTED**;

(2) Plaintiff's federal law claims pursuant to 42 U.S.C. § 1983 against Defendants Pike County Detention Center and Morris and Lewis, in their official capacities, alleging violation of her Fourth and Eighth Amendment rights are **DISMISSED**;

---

[2] Plaintiff states in her Response that she intends to amend her Complaint to name Pike County as a Defendant. Any such amendment would be fruitless, however, since Pike County is entitled to sovereign immunity.

[3] The Court expresses no opinion as to Plaintiff's state law claim for intentional infliction of emotional distress against the unknown John and Jane Doe Defendants.

6

(3) Plaintiff's state law claims for negligent hiring, negligent supervision, and negligent retention against Pike County Detention Center and Freddie Lewis, in his official capacity, are **DISMISSED**;

(4) Plaintiff's state law claims for intentional infliction of emotional distress against Defendants Pike County Detention Center and Morris and Lewis, in their official capacities, are **DISMISSED**;

(5) Pike County Detention Center is **TERMINATED** as a Defendant in this matter.

Dated July 31, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY